UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 3:24-cv-00128-MCR-HTC

JENNIFER PITTS,

      Plaintiff,

                                              CLASS ACTION

v.

BISHOP GOLD GROUP, LLC,

      Defendant.

_____/

## DEFENDANT BISHOP GOLD GROUP, LLC'S
## ANSWER TO COMPLAINT

Defendant Bishop Gold Group, LLC. ("Bishop Gold") hereby answers the Class Action Complaint [D.E. 1], filed by the Plaintiff, Jennifer Pitts, and states:

To the extent the Complaint asserts legal conclusions, such conclusions of law require no response in this Answer. To the extent any response to headings or other unnumbered paragraphs in the Complaint is required, Bishop Gold denies any factual allegations, if any contained in such headings or unnumbered paragraphs. Bishop Gold denies any allegations that are not expressly admitted or otherwise addressed.

1

## NATURE OF THE ACTION[1]

1. Admitted that Plaintiff brings an action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, but denied as to the sufficiency of same and any liability thereunder.

2. The allegations in Paragraph 2 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 2.

3. Bishop Gold admits only that Plaintiff filed the Complaint seeking various forms of relief. The remaining allegations in Paragraph 3 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 3. Bishop Gold further denies that Plaintiff is entitled to any of the relief requested in Paragraph 3 or anywhere else in the Complaint.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 of the Complaint state conclusions of law as to which no response is required. To the extent a response is required, Bishop Gold denies the allegations in Paragraph 4. In specific, Bishop Gold denies that Plaintiff has Art. III standing and therefore denies subject matter jurisdiction.

---

[1] We incorporate Plaintiff's section titles for ease of reference only and without admitting the substance thereof.

2

Bishop Gold intends to conduct discovery and will raise these issues, if appropriate, thereafter.

5. The allegations in Paragraph 5 of the Complaint state conclusions of law as to which no response is required. To the extent a response is required, Bishop Gold denies the allegations in Paragraph 5.

## PARTIES

6. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and, on that basis, denies them.

7. Bishop Gold admits that it is a Wyoming registered limited liability company and has its principal office located in California.

8. The allegations in Paragraph 8 of the Complaint state conclusions of law as to which no response is required. To the extent a response is required, Bishop Gold denies the allegations in Paragraph 8.

## FACTS

9. The allegations in Paragraph 9 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, denies them.

10. The allegations in Paragraph 10 of the Complaint state conclusions of

law as to which no response is required. To the extent a response is required, Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, denies them.

11. The allegations in Paragraph 11 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 13.

14. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies them.

15. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies them.

16. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis,

denies them.

17. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis, denies them.

18. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies them.

19. Bishop Gold lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies them.

20. The allegations in Paragraph 20 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 of the Complaint state conclusions of

law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 23.

## CLASS ALLEGATIONS

## PROPOSED CLASS

24. Paragraph 24 is a statement of Plaintiff's allegations and, thus, no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 24. Bishop Gold further denies that any class should be certified in this action, denies that any class definition is proper, and denies that this action is appropriate for class treatment.

25. Paragraph 25 is a statement of Plaintiff's allegations and, thus, no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 25.

26. Paragraph 26 is a statement of Plaintiff's allegations and, thus, no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 27. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is

a member of any alleged class.

## NUMEROSITY

28. Bishop Gold denies the allegations in Paragraph 28.

29. Bishop Gold denies the allegations in Paragraph 29.

## COMMON QUESTIONS OF LAW AND FACT

30. Bishop Gold denies the allegations in Paragraph 30.

31. Bishop Gold denies the allegations in Paragraph 31.

## TYPICALITY

32. Bishop Gold denies the allegations in Paragraph 32.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33. Bishop Gold denies the allegations in Paragraph 33.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

34. Bishop Gold denies the allegations in Paragraph 34.

35. Bishop Gold denies the allegations in Paragraph 35.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

36. Bishop Gold hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

37. The allegations in Paragraph 37 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required,

Bishop Gold denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 39. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

40.     The allegations in Paragraph 40 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 40. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

41.     The allegations in Paragraph 41 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 of the Complaint state conclusions of

law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 43. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

44. The allegations in Paragraph 44 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 44. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

45. The allegations in Paragraph 45 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 45. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)
### (On Behalf of Plaintiff and the DNC Class)

46. Bishop Gold hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

47. The allegations in Paragraph 47 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 48.

49. The allegations in Paragraph 49 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 49.

50. The allegations in Paragraph 50 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 50. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

51. The allegations in Paragraph 51 of the Complaint state conclusions of

law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 51. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

52. The allegations in Paragraph 52 of the Complaint state conclusions of law as to which no response is required. To the extent that a response is required, Bishop Gold denies the allegations in Paragraph 52. Bishop Gold further denies that any class should be certified in this action, denies that the class definition is proper, denies that this action is appropriate for class treatment, and denies that Plaintiff is a member of any alleged class.

## PLAINTIFF'S PRAYER FOR RELIEF

Answering the PRAYER FOR RELIEF paragraph / WHEREFORE clause, and its subparts, Bishop Gold denies that Plaintiff is entitled to any of the relief that she seeks in her Wherefore clause, denies that Plaintiff or any other person is entitled to any damage award, statutory damages, or any sort of declaratory relief, and denies that Plaintiff's claims can be maintained as a class action.

## JURY DEMAND

Answering the JURY DEMAND paragraph of the Complaint, Bishop Gold admits that Plaintiff requests a trial by jury. The remainder of the allegations are

legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Bishop Gold does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following affirmative defenses are based on Bishop Gold's knowledge, information, and belief at this time. Bishop Gold specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Moreover, Bishop Gold reserves the right to assert other defenses as it gathers information through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, because Plaintiff and the purported class lack standing to assert any or all of the claims alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
**(Consent)**

Plaintiff's claims and the claims of the purported class are barred because Plaintiff and the putative class members consented to receiving messages from Bishop Gold.

## FOURTH AFFIRMATIVE DEFENSE
**(Accord and Satisfaction, Release, License, Waiver, Acquiescence, *Res Judicata*, and/or Estoppel)**

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, by the doctrines of accord and satisfaction, release, license, waiver, acquiescence, *res judicata,* and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE
**(Contractual Defenses)**

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, by the terms of any or all relevant agreements entered into between the parties.

## SIXTH AFFIRMATIVE DEFENSE
**(Bona Fide Error)**

Even assuming, *arguendo*, that there were statutory violations, such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Bishop Gold had established and implemented, with due care, reasonable practices and

procedures to effectively prevent telephone calls in violation of the TCPA.

### SEVENTH AFFIRMATIVE DEFENSE
### (Involuntary Error)

Bishop Gold had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls in violation of the TCPA. Accordingly, although Bishop Gold denies any violation of the TCPA occurred here, Bishop Gold could not have willfully or knowingly violated the TCPA.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Conformity with Standards)

Plaintiff's claims and the claims of the purported class are barred, in whole or in part, because Bishop Gold's statements, conduct and actions were in conformity with and were made pursuant to statutes, governmental regulations, and industry standards existing at the time of such statements, conduct and actions.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff and the purported class have failed to mitigate damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Set Off)

To the extent that Plaintiff and any purported class members have outstanding obligations to Bishop Gold, their claims are barred or reduced.

### TWELFTH AFFIRMATIVE DEFENSE
### (Claims of Putative Class Members Barred)

The claims of the purported class are barred by some or all of the defenses that bar the Complaint's claims.

### ADDITIONAL DEFENSES

Bishop Gold reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### PRAYER FOR RELIEF

Bishop Gold prays for the following relief:

1. That judgment on the Complaint, and on each claim therein, be entered in favor of Bishop Gold;

2. That this Court finds that this suit cannot be maintained in a class action;

3. That this Court denies Plaintiff or the members of the purported class relief of any kind;

4. That Bishop Gold be awarded their costs incurred, including reasonable attorneys' fees, as allowable;

5. For such other or further relief as this Court deems just and proper.

Dated: April 16, 2024                                             Respectfully submitted,

By: */s/ Euyelit Adriana Kostencki*
Euyelit Adriana Kostencki
Florida Bar No. 84507
akostencki@exorolaw.com
**EXORO LAW PLLC**
2200 N Commerce Pkwy.
Suite #200, Weston, FL 33326
Telephone: (954) 947-0050

-and-

Paul A. Rigali
slarson@larsonllp.com
Ranja F. Rasul
rrasul@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
(213) 436-4888
*(pro hac vice admission pending)*

*Attorneys for Defendant,*
**BISHOP GOLD GROUP, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record.

>    */s/ Euyelit Adriana Kostencki*
>    Euyelit Adriana Kostencki

## SERVICE LIST

Michael Eisenband
EISENBAND LAW, P.A.
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

Manuel S. Hiraldo
HIRALDO P.A.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Attorneys for Plaintif*