## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA

### CASE NO: 3:24-cv-00128-MCR-HTC

JENNIFER PITTS,
individually and on behalf of all
others similarly situated,                          **CLASS ACTION**

      Plaintiff,                                   **JURY TRIAL DEMANDED**

v.

**BISHOP GOLD GROUP, LLC,**

      Defendant.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

1

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Jennifer Pitts ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class, and Defendant Bishop Gold Group, LLC ("Defendant"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, Plaintiff filed a Class Action Complaint (the "Action") on behalf of herself and a putative class in the lawsuit styled *Jennifer Pitts v. Bishop Gold Group, LLC,* Case No. 3:24-cv-00128-MCR-HTC (N.D. Fla.)*,* which asserts claims under the Telephone Consumer Protection Act ("TCPA").

WHEREAS, Plaintiff alleges that her and members of the class received marketing text messages from Defendant after made a request to not receive additional messages, which allegedly harmed them and the class (the "Allegations");

WHEREAS, Plaintiffs alleges that, as a result of the Allegations, they and other similarly situated individuals are entitled to declaratory and injunctive relief, statutory damages and costs;

WHEREAS, the Parties, Plaintiff's counsel and Defendant's counsel, ultimately reached an agreement in principle to resolve the claims raised in the Action;

WHEREAS, for settlement purposes only, Plaintiff will request that the Court certify the Settlement Class and appoint them Class Representatives and their

lawyers—Michael Eisenband of Eisenband Law, P.A. and Manuel S. Hiraldo of Hiraldo, P.A. as Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Action and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class. Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and risks inherent in this Action, and has determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree

that the Action shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

I.    **<u>DEFINITIONS</u>**

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.    "Administrator" means Simpluris which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any electronic mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee and Defendant's counsel; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class

Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause. The Administrator will be responsible for directing notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Notice will be served within ten days after Plaintiff files her unopposed motion to preliminarily approve the Settlement. Administrator will provide Class Counsel with a copy of the CAFA notice no later than two days after it is served. CAFA Notice will be served within ten days after Plaintiff files her unopposed motion to preliminarily approve the Settlement.

B.     "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.     "Attorneys' Fees and Expenses" means the total recovery that may be awarded to Class Counsel to compensate them for all attorneys' fees and expenses incurred by Plaintiff or Class Counsel in connection with the Action (including but not limited to filing fees, service costs, subpoena costs and Expert related costs, etc).

D.     "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

E.     "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked, which shall occur no later than fifteen (15) days after the Final Approval Hearing. All Claims postmarked on or before the Claim Deadline shall be

timely, and all Claims postmarked or received after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

F.      "Claim Form" means the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.

G.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

H.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit a valid and timely Claim Form to the Administrator, and who qualify for such relief under this Agreement.

I.      "Class Counsel" means: Michael Eisenband, Eisenband Law, P.A., 515 E Las Olas Blvd., Ste 3100, Fort Lauderdale FL 33301 and Manuel S. Hiraldo, Hiraldo, P.A., 401 East Las Olas Boulevard Suite 1400, Fort Lauderdale, FL 33301.

J.      "Class Notice" means the program of notice described in this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

K.      "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately thirty (30) days *after* Preliminary Approval.

L.     "Class Period" means the time period from March 25, 2020 through the date of preliminary approval of this settlement.

M.     "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

N.     "Counsel for Defendant" means: Paul A. Rigali, Larson LLP, 555 South Flower Street, 30th Floor, Los Angeles, CA 90071.

O.     "Court" means the United States District Court for the Northern District of Florida.

P.     "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Q.     "Effective Date" means the day which the Court enters the Final Approval Order.

R.      "Escrow Account" means the escrow account to be established by the Escrow Agent for purposes consistent with the terms and conditions of this Agreement.

S.      "Escrow Agent" means the Administrator.

T.      "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

U.      "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement. If no objection has been filed, and therefore nobody has standing to file an appeal, the Final Approval Order becomes the day which the Court enters the Final Approval Order.

V.      "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form, and without material change to, the order attached hereto as **Exhibit 2**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms

of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Service Award for the Class Representative. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

W.    "Gross Settlement Fund" means the total agreed upon settlement amount to be paid by Defendant, Two Million Dollars ($2,000,000), inclusive of Notice and Administrative Costs, Attorneys' Fees and Expenses, Plaintiff's Service Award, and class settlement payments.

a.  The Administrator shall establish the Escrow Account into which the Gross Settlement Fund is deposited as a Qualified Settlement Fund ("QSF") pursuant to Section 468B of the Internal Revenue Code and regulations promulgated thereunder for the purpose of administering this Settlement and shall notify the Parties when the Escrow Account has been established. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendant or its counsel, or Plaintiff or Class Counsel, with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does

not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund. Plaintiff and Class Counsel, and Defendant and its counsel, shall have no liability or responsibility for any of the Taxes. The Settlement Fund shall indemnify and hold Plaintiff and Class Counsel, and Defendant and its counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

b. The Administrator will be designated as the "Administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Administrator will timely provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The

parties agree to the tax treatment of the QSF as set forth in Section 21. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund. Defendant and each Released Party shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Administrator, or any transactions executed by the Administrator. Defendant and each Released Party further shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Administrator.

X.     "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **<u>Exhibit 3</u>** to this Agreement.

Y.     "Net Settlement Fund" means the remaining amount of the Gross Settlement Fund, after deductions for Notice and Administrative Costs, Attorneys' Fees and Expenses, and Plaintiff's Service Award.

Z.     "Notice" means the e-mail individual notice and postcard (the latter as necessary) that will be sent by the Administrator to those who may be Settlement

Class Members, in substantially the form attached as **Exhibit 4** (email notice) and **Exhibit 5** (postcard notice) to this Agreement.

AA. "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining mail and/or e-mail addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

BB. "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be designated as a date no later than seventy-five (75) days *after* Preliminary Approval, or such other date as ordered by the Court.

CC. "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be submitted in writing to the Administrator for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be designated as a

date no later than seventy-five (75) days *after* Preliminary Approval or such other date as ordered by the Court.

DD.   "Preliminary Approval Order" or "Preliminary Approval" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 6**, without material change.

EE.   "Released Claims" means all claims for relief, demands, actions, causes of action, liabilities, obligations, promises, agreements, controversies, damages, suits, rights, losses, debts and expenses or similar rights of any types, including but not limited to, any claims that may have been pursued concerning the transmission of marketing communications from Bishop Gold to Plaintiff or the Settlement Class, whether mature, contingent, direct, derivative, subrogated, personal, assigned, known or unknown, existing or potential, accrued or unaccrued, or suspected or unsuspected, or which Plaintiff or the Settlement Class asserted or could have asserted against Bishop Gold up to and including the Agreement Date against Released Parties that arise out of, concern, or relate to the receipt of text messages from Defendant after Defendant was first asked to no longer send them text messages in violation of the Telephone Consumer Protection Act, Florida Telephone

Soliciation Act ("FTSA")[1] or any state law corollary claims. The Defendant is also providing a release of all claims or potential claims it may have against Plaintiff.

FF.     "Released Parties" means Defendant Bishop Gold Group LLC. It shall also include any of their owners, representatives, parents, subsidiaries, affiliates, agents, vendors contractors, subcontractors, insurers, officers, board members, employees, predecessors, successors, and assigns that were involved in any way with the complained of communications.

GG.     "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

HH.     "Service Award" means any approved payments to the Class Representative.

II.     "Settlement" means the settlement set forth in this Agreement.

JJ.     "Settlement Class" means all members of the class of persons in this Action that will be certified by the Court for settlement purposes as follows:

> All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).

---

[1] Within ten (10) days of this Agreement being fully executed, Plaintiff shall file an Amended Complaint which includes an FTSA Count.

The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) any Settlement Class Member who has timely opted out of this proceeding.

KK. "Settlement Class Claimant" means any Settlement Class Member who submits a valid and timely Claim in accordance with this Agreement.

LL. "Settlement Class Data" means data relating to approximately 20,038 persons who according to records received through subpoena from Sinch America Inc. (III.(1) – Messages Sent.xlxs.zip and III.(3)-Messages Incoming.xlsx.zip), Plaintiff's own text messages and records received from Defendant (Bishop Gold Group – text export from 2020-03-01 to 2021-03-24 [BGG-00041], Bishop Gold Group – text export from 2021-03-24 to 2022-03-24 [BGG-00037], Bishop Gold Group – text export from 2022-03-24 to 2023-03-24 [BGG-00038], Bishop Gold Group – text export from 2023-03-24 to 2024-03-24 [BGG-00039], Bishop Gold Group – text export from 2024-03-24 to 2025-03-24 [BGG-00040]), and are members of the Settlement Class. Any information Bishop Gold Group has as to the identities of the Settlement Class Members shall also be considered Settlement Class Data. The Settlement Class Data shall be treated as Confidential Information. The Settlement Class Data shall only be used for purposes of administering this

Settlement, and will remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities or as required to carry out the Administrator's duties pursuant to the Settlement, or by order of the Court.

MM. "Settlement Class Member(s)" means any member of the Settlement Class.

NN. "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II. **SETTLEMENT TERMS**

### A. **Certification of Settlement Class and Conditional Nature of Agreement**

For settlement purposes only, Defendant conditionally agrees and consents to certification of the Settlement Class. Defendant's conditional agreement is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval Order becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the

negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Defendant denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. Defendant has agreed to resolve this Action through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Defendant retains and reserves all of these rights and agree not to take a position to the contrary.

### B.    Settlement Class Relief

#### 1.    Claim Settlement Payments to Settlement Class

In consideration for the Releases set forth in this Agreement, Defendant shall provide the following relief:

Defendant shall deposit $2,000,000 in cash (the "Gross Settlement Fund") available for payment of approved claims submitted by Settlement Class Claimants, Attorneys' Fees, all Notice and Administration Costs, and any Service Award.

Defendant shall deposit with the Administrator's Escrow Account (1) $500,000 within thirty (30) calendar days following entry of the Preliminary Approval Order by the Court; (2) $500,000 within thirty (30) calendar days following the Claims Deadline, and (3) $1,000,000 within ten (10) calendar days following entry of the Final Approval Order.

Settlement Class Members must submit a timely, valid, and verified Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Gross Settlement Fund.

Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check for their *pro rata* share (Net Settlement Fund divided by number of Settlement Class Claimants) from the remaining amount in the Gross Settlement Fund after deductions for Attorneys' Fees, all Notice and Administration Costs, and any Service Awards (the "Net Settlement Fund"). One (1) claim is allowed per Settlement Class Member.

Within sixty (60) days after the Effective Date of receiving a timely, valid, correct, and verified Claim Form, the Administrator shall send, by first-class mail, a Claim Settlement Check to each Settlement Class Claimant who submits a timely,

valid, correct, and verified Claim Form. Checks will be valid for sixty (60) days from the date on the check.

All Attorneys' Fees, all Notice and Administration Costs, and any Service Award will be paid by Defendant from the Gross Settlement Fund.

Any Settlement Claim Checks that (i) remain uncashed after ninety (90) days from issuance, or (ii) are returned as undeliverable, shall be redistributed on a pro-rata basis to Settlement Class Members who cashed their previously sent Claim Settlement Check. If any amounts remain 180 days from issuance of this second distribution, the Parties shall seek Court approval of a cy pres award to a nonprofit charitable organization. The Parties shall jointly select a cy pres recipient prior to moving for the Court's approval of the cy pres.

Except as provided in this Section, Defendant shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

C.    **Settlement Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a Motion for Preliminary Approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order, which shall be in a form agreed upon by Class Counsel and Defendant.

D.    **Service Award and Attorneys' Fees and Expenses**

1.    **Service Award**

Plaintiffs may petition the court for a Service Award which will be paid from the Gross Settlement Fund of no more than $7,500.00. The Defendant agrees not to object to such a request.

### 2.    Attorneys' Fees and Expenses

Class Counsel Fees shall be paid from the Gross Settlement Fund subject to court approval and Class Counsel shall not seek more than 33.3% of the Gross Settlement Fund or $666,000.00 for fees. Class Counsel may also apply for reimbursement of any expenses it incurred which shall also be paid from the Gross Settlement Fund. The Defendant agrees not to object to such a request. Class Counsel shall be responsible for allocating and shall allocate among Class Counsel any Attorneys' Fees and Expenses, and Defendant shall have no responsibility, role, or liability in connection with such allocation. All Attorneys' Fees and Expenses shall be paid to Class Counsel within ten (10) days of the Court's Order granting Final Approval.

## III.    <u>CLAIMS ADMINISTRATION</u>

### A.    <u>Administrator</u>

The Parties have agreed on Simpluris as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of Class Notice, processing Claim Forms, receiving and

maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide and mail/email Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

All Notice and Administrative Costs shall be paid by Defendant from the Gross Settlement Fund. Defendant shall not be obligated to compute, estimate, or pay any taxes on behalf of Plaintiff, any Settlement Class Member, Class Counsel, or the Administrator. The Administrator will invoice Defendant directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill Defendant monthly for incurred fees and expenses thereafter. The Administrator will complete and provide to Defendant any W9 forms necessary for

Defendant to pay for the Notice and Administrative Costs. The Parties agree that Administrator costs shall be paid from the Gross Settlement Fund.

**B.  Notice**

**1.  Notice to the Settlement Class**

Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

**2.  Settlement Class Data**

Within ten (10) days after entry of the Preliminary Approval Order, Defendant—if it has not already done so—will provide to the Administrator the Settlement Class Data in electronic format, including any email and mailing addresses the Defendant has for each Settlement Class member.

**3.  Notice**

The Administrator shall send Notice to Settlement Class Members for which Defendant maintains mail and/or email addresses. For those Settlement Class Members whose email address is available, two rounds of E-Mail Notice shall be provided to each Settlement Class Member. The first and second round of E-Mail Notice shall be at least five (5) days apart. The Administrator shall review the Settlement Class Data, utilize methods commonly used in the class administration industry to verify and/or update e-mail addresses (e.g., reliable sources like LexisNexis and TransUnion), and shall, to the extent reasonably possible, send the

E-Mail Notice to all Settlement Class Members. The E-Mail Notice program shall be completed by the Class Notice Date. The Administrator shall provide Class Counsel and Defendant a sworn declaration that confirms that the E-Mail Notice program was completed in a timely manner and in accordance with this Agreement and the Preliminary Approval Order. In the event that an email address is unable to be located or no longer valid, the Administrator shall take reasonable steps to verify a valid email address for Settlement Class Members. If the Administrator is unable to obtain a valid email address for a Settlement Class Member, the Administrator shall send two postcards to the Settlement Class Member at the last known and valid mailing address. The first and second round of postcard Notice shall be at least five (5) days apart. The Administrator shall review the Settlement Class Data, utilize methods commonly used in the class administration industry to verify and/or update mailing addresses.

> 4. **Long-Form Notice**

Notice will contain the address for the Settlement Website, www._____.com. On the website, Settlement Class Members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the e-mail Notice. The Long Form Notice will be sent to all Settlement Class Members who contact the Administrator by telephone or email and request a copy.

**5.    Settlement Website**

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form, (ii) provides contact information for the Administrator and Class Counsel, and (iii) provides access to relevant documents concerning the Action. Such documents shall include this Agreement and Class Notice; the Long-Form Notice, the Preliminary Approval Order; the Complaint; and, when filed, the Final Approval Order. The Class Notice shall include the address (URL) of www._____.com for the Settlement Website. The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Claim Deadline. The Settlement Website shall have a portal where Claim Forms can be submitted.

**6.    IVR**

By the Class Notice Date, the Administrator shall establish and maintain a toll-free number that maintains an IVR (or similar) system to answer questions about the Settlement. The Administrator shall maintain the IVR (or similar) system until at least sixty (60) days following the Claim Deadline.

**C.    <u>Claim Filing, Review, and Approval Process</u>**

**1.    Claim Form**

To submit a Claim, Settlement Class Members must correctly provide the information and documentation required by the Claim Form. The Claim Form shall

24

require any Settlement Class Member who submits a Claim to provide the following documentation and information: (a) Settlement Class Member's name, current address, telephone number, and e-mail address (if any); and (b) Settlement Class Member's telephone number that received a text message from Defendant.

### 2. Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment by submitting a claim on the Settlement Website on a date no later than the Claim Deadline. Only one Claim Form may be submitted per telephone number that was sent a text message by or on behalf of Defendant, regardless of how many messages were received by the Settlement Class Member. Claim Forms can also be submitted via email to the Administrator or by mail to the Administrator.

### 3. Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate, and fully completed and correct, valid Claim Form shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4. Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Member is a member of the Settlement Class. Any Settlement Class Member's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and Defendant shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims. Valid claims will result in the Settlement Class Member being approved as a Settlement Class Claimant and entitled to a Settlement Class Payment. The amount each Settlement Class Claimant receives shall be paid out the Net Settlement Fund on a *pro rata* basis, after all Attorneys' Fees, all Notice and Administration Costs, and any Service Award have been paid.

### D. Opt-Out Rights

#### 1. Opt-Out Requirements

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to the Administrator, at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must:

(a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a communication from Defendant; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

## 2.    Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3.   List of Requests for Exclusion

At least fourteen (14) days after the Opt-Out Deadline, the Administrator shall provide Class Counsel and Counsel for Defendant with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4.   All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E.   <u>Objections</u>

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1.   Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendant, no later than the Objection Deadline.

### 2.   Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a.  the name of the Action;

b.  the objector's full name, address, and telephone number;

c.  an explanation of the basis on which the objector claims to be a Settlement Class Member;

d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.  a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which

the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l. the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

3.    **Appearance**

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendant by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a communication from Defendant; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

4.      **Discovery From Settlement Class Members Who Object To The Settlement**

The Parties shall have the right to take discovery from any person who claims to be a Settlement Class Member who objects to the Settlement without further leave of court. If the person who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

      **F.**      <u>**Funding & Distribution of The Settlement Fund and Claim Settlement Payment**</u>

      **1.**      **Gross Settlement Fund**

As described herein, the Gross Settlement Fund shall be used to provide the exclusive recovery and relief for the Class. Any Attorneys' Fees and Expenses, any Service Award, and all Notice and Administrative Costs will be paid by Defendant through the Gross Settlement Fund. The Gross Settlement Fund shall be an Escrow Account.

Except as provided in this Section, Defendant shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

      **2.**      **Funding**

Defendant shall deposit with the Administrator's Escrow Account (1) $500,000 within thirty (30) calendar days following entry of the Preliminary Approval Order by the Court; (2) $500,000 within thirty (30) calendar days following the Claims Deadline, and (3) $1,000,000 within ten (10) calendar days following entry of the Final Approval Order.

### 3.     Distribution

The Administrator shall pay any Claim Settlement Payments to Settlement Class Claimants who submit timely and valid Claim Forms within sixty (60) days after the Effective Date.

Any Settlement Claim Checks that (i) remain uncashed after ninety (90) days from issuance, or (ii) are returned as undeliverable, shall be redistributed on a pro-rata basis to Settlement Class Members who cashed their previously sent Claim Settlement Check. If any amounts remain 180 days from issuance of this second distribution, the Parties shall seek Court approval of a cy pres award to a nonprofit charitable organization. The Parties shall jointly select a cy pres recipient prior to moving for the Court's approval of having the remaining money sent to the cy pres.

### G.     <u>Non-Approval of Agreement</u>

This Agreement is conditioned on Final Approval without material modification by the Court. If the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as if no settlement or this Agreement had been negotiated or entered into. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class. If the Agreement is approved without material modification by the

Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

### H.    <u>Termination of Agreement</u>

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, after the motion for preliminary approval is filed, fails or declines to grant Preliminary Approval in accordance with the terms of the Preliminary Approval Order; (2) the Court, after granting Preliminary Approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; or (4) the Effective Date does not occur for any reason.

### I.    <u>Retention of Records</u>

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

## IV. __EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION__

### C. __Exclusive Remedy; Permanent Injunction__

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Members; (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

### D. __Dismissal of Claims__

The Parties agree that upon the Effective Date, the Action shall be dismissed with prejudice in accordance with the Final Approval Order and judgment shall be entered.

E.    **Continuing Jurisdiction of Court**

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

V.    **RELEASES**

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, on any of the Released Claims. Also upon the Effective Date of this Agreement, the Defendant shall release the Plaintiff from all Released Claims.

The Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representatives, the Settlement Class, and each

Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged for any and all claims that they may have against any of the Released Parties. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI.    MISCELLANEOUS PROVISIONS

### C.    Receipt of Advice of Counsel

Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

### D.    Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

**E.    Representation by Counsel**

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

**F.    No Admission of Liability**

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of themselves or the Settlement Class, against Defendant. Defendant expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that

has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

G.    **Contractual Agreement**

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

H.    **Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

I.    **Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind

whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

**J.    Costs**

Except as otherwise provided herein, each Party shall bear its own fees, legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**K.    Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**L.    No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**M.    Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the

Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

**N.    No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**O.    Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**P.    Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions. The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Service Award shall be governed by Federal and/or Florida law.

**Q.**    **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**R.**    **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**S.**    **Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**T.**    **Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**U.**    **Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**V.**    **Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

W.    **No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

X.    **Confidentiality; Communications to Media and Public**

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application. The Parties further agree that they will not issue

any press releases, initiate contact with the press, respond to any press inquiry or have any communication with the press about the facts, settlement amount, or terms of the settlement. Class Counsel also agrees that they will not make any statement or post on its website or in social media regarding anything inconsistent with the class notice. The Parties will not be prevented from making required disclosures.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: 07/22/25

By: _Jennifer Pitts (Jul 22, 2025 09:29 CDT)_

Jennifer Pitts

Dated: 07/22/25

_Manuel Hiraldo (Jul 22, 2025 10:30 EDT)_

Counsel for Plaintiffs and the Settlement Class

44

**BISHOP GOLD GROUP, LLC**

Dated:
August 1, 2025

By: _____

Name: Michael Kendall _____

Title: Manager _____

_____
Counsel for Defendant
Paul A. Rigali

Dated:
August 1, 2025

45

**EXHIBIT 1**

# BISHOP GOLD GROUP, LLC. – TEXT MESSAGE SETTLEMENT
# CLAIM FORM

### Case No. XXX-XXXX-XXX

Return this Claim Form to:  Claim Administrator, PO Box xxxx, City/State, xxxxx- xxxx. Questions, visit **www.XXXXXXXX** or call **1-xxx-xxx-xxxx**.

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED BY [MONTH DAY, YEAR] BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that this Claim Form may be researched and verified by the Claim Administrator.

| YOUR CONTACT INFORMATION |
|---|

**Name:** _____   _____   _____
          (First)                        (Middle)              (Last)

**Current Address:** _____

(City)                              (State)              (ZIP Code)

**Telephone Number that you received a Text Message from Bishop Gold Group, LLC:**
(_____)_____ – _____

**Email address (if any):**_____

**Current Phone Number:** (_____)_____ – _____    **or** ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

**Claim ID:**

| Settlement Class Member Verification |
|---|

By submitting this claim form, I attest that to the best of my knowledge, I received text messages from Defendant after I had notified Defendant that I no longer wanted to receive text messages.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Additional information regarding the Settlement can be found at visit www.XXXXXXXXX.com

Signature:_____    Date: _____

Print Name:_____

If you have questions, you may call the Claim Administrator at **1-xxx-xxx-xxxx** or visit [insert website].

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## CASE NO: 3:24-cv-00128-MCR-HTC

**JENNIFER PITTS,**
individually and on behalf of all
others similarly situated,                              **CLASS ACTION**
Plaintiff,

v.

**BISHOP GOLD GROUP, LLC,**

Defendant.

_____/

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On _____, 2025, the Court granted preliminary approval to the

proposed class action settlement set forth in the Settlement Agreement and Release

(the "Settlement Agreement") between Plaintiff Jennifer Pitts ("Plaintiff"), on behalf

of herself and all members of the Settlement Class,[1] and Defendant Bishop Gold

Group, LLC ("BGG") (Plaintiff and Defendant collectively referred to as, the

"Parties"). The Court also provisionally certified the Settlement Class for settlement

purposes, approved the procedure for giving Class Notice to the members of the

Settlement Class, and set a Final Approval Hearing to take place on

_____.

_____

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

On _____, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**I.      JURISDICTION OF THE COURT**

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.      The Settlement Agreement was negotiated by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement

2

Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.　　The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.　　CERTIFICATION OF SETTLEMENT CLASS

4.　　Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: "All persons in the United States who, during the four years prior to the filing of this action, (1) received

3

one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s)." Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of Defendants or of any affiliate or parent of Defendants; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement.

## III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.    The Court finally appoints Manuel S. Hiraldo of Hiraldo P.A., and Michael Eisenband of Eisenband Law P.A.; as Class Counsel for the Settlement Class.

6.    The Court finally designates Plaintiff Jennifer Pitts as the Class Representative.

## IV.    NOTICE AND CLAIMS PROCESS

7.    The Court makes the following findings on notice to the Settlement Class:

4

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq* ("CAFA"), including all notice requirements therein, have been met.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.     ADMINISTRATION OF THE SETTLEMENT

9.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel \$_____ as reasonable attorneys' fees, incurred in this Action, which consists of 33.3% of the Settlement Fund plus \$_____ in costs expended by Class Counsel in prosecuting this matter. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.    The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel

6

employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their fee request in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and _____ Settlement Class Member(s) objected.

12.    In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

      a.  *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

7

     *b. Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues, and recovery being dependent on a successful outcome, which was uncertain.

     *c. Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendant to make available up to $2,000,000 for the Settlement Class and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, 2013 U.S. Dist. LEXIS 72947, at *12 (M.D. La. May 13, 2013).

     *d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *See, e.g., Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017) (awarding 35% fee and noting that "[c]ourts within this Circuit have routinely awarded attorneys' fees of 33 percent or more of the gross settlement fund"); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 U.S. Dist. LEXIS 153786, 2012 WL

5290155, at *4 (S.D. Fla. Sept. 26, 2012); *Morefield v. NoteWorld, LLC*, Nos. 1:10-CV-00117, 1:11-CV-00029, 2012 U.S. Dist. LEXIS 54664, 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-CV-691-T-30TBM, 2011 U.S. Dist. LEXIS 150274, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorney's fees); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95-cv-02152-ASG, ECF No. 626 at 7, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees, specifically $1,201,728.42, because they expended significant time and resources on a purely contingent basis under the common fund theory).

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, both have been class counsel in numerous consumer class action cases.

     *e. This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

13.     The Court awards a Service Award in the amount of $7,500 to Plaintiff Jennifer Pitts payable pursuant to the terms of the Settlement Agreement.

## VII.   RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement

15.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res*

*judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.    The Releases, which are set forth in the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)    The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement Agreement.

(b)    The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)    The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)    The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.    Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.  NO ADMISSION OF LIABILITY

19.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)    offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)    offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)    offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.    OTHER PROVISIONS

13

20.    This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.    Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22.    In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23.    This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all

other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE and ORDERED** in Chambers in _____, Florida, this _____ day of _____, 2025.


_____

UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**If You Received a TEXT MESSAGE from BISHOP GOLD GROUP, LLC
After Requesting Not to Receive Text Messages, You May Be Entitled to a
Payment from a Class Action Settlement**

*A court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit about whether Bishop Gold Group, LLC ("Defendant") sent marketing text messages to telephone numbers after being asked to stop in violation of the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Soliciation Act ("FTSA"). Defendant denies the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Defendant about the Claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

309930373v.1

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the TCPA/FTSA?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**........................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.....................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my check?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue Defendant for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**.......................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...........................................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**.............................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**....................................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**................................................................................**PAGE 8**
23. How do I get more information?

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

309930373v.1

# BASIC INFORMATION

## 1.  Why is there a Notice?

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Jennifer Pitts v. Bishop Gold Group, LLC* in the United States District Court, Northern District of Florida, and about all of your options before the Court decides whether to give Final Approval to the Settlement.  This Notice explains the lawsuit, the Settlement, and your legal rights.

Hon. M. Casey Rodgers a Judge and Hon. Magistrate Judge Hope T. Cannon are overseeing this case. The persons who sued, Plaintiff Jennifer Pitts is called the "Plaintiff." Bishop Gold Group LLC is called the "Defendant".

## 2.  What is this litigation about?

The lawsuit alleges that Defendant sent more than one marketing text message to Plaintiffs' wireless telephone number within a 12-month period after Plaintiff asked Defendant to stop doing so in violation of the Telephone Consumer Protection Act and Florida Telephone Soliciation Act, and seeks actual and statutory damages under the TCPA/FTSA on behalf of the named Plaintiff and a class of all individuals in the United States.

Defendant denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiffs' Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, www.XXXXX.com.  The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 3.  What is the TCPA?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts the use of marketing related text message calls. The Florida Telephone Soliciation Act ("FTSA") is a Florida state law that restricts the use of marketing related text message calls.

## 4.  Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Plaintiff) sue on behalf of themselves and other people with similar claims.

All of the people who have claims similar to the Plaintiff are Settlement Class Members, except for those who exclude themselves from the class, among others.

## 5.  Why is there a settlement?

The Court has not found in favor of either Plaintiff or Defendant. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. Defendant denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

# WHO IS PART OF THE SETTLEMENT?

**6.   Who is included in the Settlement?**

The Settlement includes all persons who received more than one marketing text message on their telephone from Defendant within a 12-month period after having first asked Defendant to stop sending them text messages. Specifically, the Settlement Class is defined as:

> **All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).**

The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) any Settlement Class Member who has timely opted out of this proceeding.

**7.   What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.XXXX.com or call the toll-free number, 1-xxx-xxx-xxxx. You also may send questions to the Settlement Administrator at XXXX TCPA Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXX.

# THE SETTLEMENT BENEFITS

**8.   What does the Settlement provide?**

To fully settle and release claims of the Settlement Class Members, Defendant has agreed to pay $2,000,000 (the "Gross Settlement Fund"). The Gross Settlement Fund will also be used to pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and a service award for Plaintiff. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator equal to their pro rata share of any funds available from the Gross Settlement Fund after all attorneys' fees and expenses, all Notice and Administration Costs, and any Service Award have been paid. Class Claimants will be sent their Claim Settlement Payments to the address they submitted on their Claim Form within 60 days following the Effective Date.

**9.   How do I file a Claim?**

If you qualify for a payment, you must complete and submit a valid Claim Form. You may download a Claim Form at the Settlement Website, www.XXXX.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately and submitted timely. One claim is allowed per Settlement Class Member.

You must submit a Claim Form by U.S. mail or through the Settlement Website, and it must be postmarked by [DATE].

Please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

**10. When will I receive my check?**

Payments in the form of a check to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

# Excluding Yourself from the Settlement

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

**11. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a timely letter by mail to:

XXXXX Settlement Administrator<br>
P.O. Box XXXX<br>
XXXX, XX XXXX

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class" and that, absent of excluding yourself or "opting out," you are "otherwise a member of the Settlement Class."

Your exclusion request must be postmarked no later than xxxxxxxxx. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may opt out of the Settlement Class only for yourself.

**12. If I do not exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

**13. What am I giving up to stay in the Settlement Class?**

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against Defendant or the Released Parties about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.XXXX.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 15 at no charge to you, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

**14. If I exclude myself, can I still get a payment?**

No. You will not get a payment from the Gross Settlement Fund if you exclude yourself from the Settlement.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

5

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Michael Eisenband, Esq.
Eisenband Law, P.A.
515 E Las Olas Blvd. Suite 120
Fort Lauderdale, Florida 33301

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 16. How will the lawyers be paid?

Class Counsel intend to request up to 33.3% of the Settlement Fund for attorneys' fees plus their out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Gross Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel will also request a Service Award of up to $7,500 to the Plaintiff for her service as Class Representative on behalf of the whole Settlement Class. Any Service Award will be paid out of the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number—*Pitts v. Bishop Gold Group, LLC* – Case Number **3:24-cv-00128-MCR-HTC**

2) Your name, address, telephone number, the cell phone number at which you received text messages from Defendant and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3) A signed statement stating, under penalty of perjury, that you received one or more text message from Defendant and are a member of the Settlement Class;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection;

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

6

5) A statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6) The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8) Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you or your counsel and any other person or entity.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by XXXXXXXXXX.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| Clerk of Court of the U.S. District Court, Pensacola Division<br><br>United States Courthouse One North Palafox St. Pensacola, FL 32502 | Manuel Hiraldo, Esq. Hiraldo, PA 401 East Las Olas Boulevard Suite 1400, Fort Lauderdale, FL 33301 | Paul A. Rigali, Larson LLP, 555 South Flower Street, 30th Floor, Los Angeles, CA 90071. |

## 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

## 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing on xxxxxxx at xxx a.m. at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXX.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

## 20. Do I have to attend the hearing?

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

# GETTING MORE INFORMATION

## 23. How do I get more information?

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.XXXX.com. You also may write with questions to the Settlement Administrator at XXXX, P.O. Box XXXX, XXXX, XX XXXXX or call the toll-free number, 1-xxx-xxx-xxxx.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT www.XXXX.com**

309930373v.1

**EXHIBIT 4**

**You are receiving this Notice because You May Be Entitled to a Cash Payment from a Class Action Settlement**

A settlement has been reached in a class action lawsuit alleging that Bishop Gold Group, LLC ("Defendant") sent text messages after being asked to stop doing so in violation of the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Soliciation Act ("FTSA"). Defendant denies the allegations and any wrongdoing. The Court has not decided who is right.

**Who's Included?** The Settlement Class is defined as

> **All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).**

**What Are the Settlement Terms?** To fully settle and release claims of the Settlement Class Members, Defendant has agreed to pay $2,000,000 (the "Gross Settlement Fund"). The Gross Settlement Fund will be used to pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and a service award for Plaintiff. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator equal to their pro rata share of any funds available from the Gross Settlement Fund after all attorneys' fees and expenses, all Notice and Administration Costs, and any Service Award have been paid. Class Claimants will be sent their Claim Settlement Payments to the address they submitted on their Claim Form within 60 days following the Effective Date.

**How Do I Submit a Claim Form?** To get a payment, you must submit a Claim Form by the deadline stated below. You may download a Claim Form at the Settlement Website, www.XXXX.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely. You may submit a Claim Form by U.S. mail or file a Claim Form

online. If you send in a Claim Form by U.S. mail, it must be postmarked by xxxxxxxxxx. Claim Forms submitted online or by email must be submitted by **11:59 p.m. EST on** xxxxxxxxxx.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by xxxxxxxxxx. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by xxxxxxxxxx. The Long Form Notice available on the Settlement Website explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on xxxxxxxxx to consider whether to approve the Settlement, a request for attorneys' fees of up to 33.3% of the Gross Settlement Fund plus their expenses and a service award of $7.500.00 to Plaintiff. Any attorneys' fees, expenses or service award will be paid by Defendant through the Gross Settlement Fund. You may appear at the hearing, either yourself or through an attorney you hire, but you don't have to.

For more information, call or visit the Settlement Website.
**www.XXXX.com** or **1- xxx-xxx-xxxx**

**EXHIBIT 5**

**You are receiving this Notice because You May Be Entitled to a Cash Payment from a Class Action Settlement**

Call records indicate that you likely are a member of a Settlement Class entitled to cash benefits in a class action lawsuit claiming that Bishop Gold Group, LLC ("Defendant") sent Text Messages in violation of the Telephone Consumer Protection Act and Florida Telephone Solicitation Act. Defendant denies the allegations in the lawsuit, and the Court has not decided who is right.

The Settlement offers payments to Settlement Class Members who file valid Claims. Your legal rights are affected whether you act or do not act. Read this notice carefully.

**Who's Included?** The Settlement Class is defined as: All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).

**What Are the Settlement Terms?** Defendant has agreed to make a Settlement Fund of $2,000,000 ("Gross Settlement Fund") available, which will be used to pay Settlement Class Members who submit valid Claims. The Gross Settlement Fund will also be used to pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Gross Settlement Class, and a service award for Plaintiff. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator equal to their pro rata share of any funds available from the Gross Settlement Fund after all attorneys' fees and expenses, all Notice and Administration Costs, and any Service Award have been paid.

**How Can I Get a Payment?** To get a payment, you must submit a valid Claim Form by U.S. mail or online at www.XXXX.com. A Claim Form is attached to this notice which you can sign and mail. You may also submit a claim online at www.XXXX.com by using the Claim ID No. on the front of this postcard. You can also download a Claim Form online at www.XXXXX.com or call the Settlement Administrator at the toll-free number below to request a Claim Form. To be valid, a Claim Form must be completed fully and accurately, signed, and be submitted timely. If you send in a Claim Form by regular mail, it must be postmarked on or before **XX/XX/XXXX**. The deadline to file a Claim online is 11:59 **pm. EST on XX/XX/XXXX**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **XX/XX/XXXX**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by **XX/XX/XXXX**. The Long Form Notice available on the Settlement Website **www.XXXX.com** explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on XX/XX/XXXX to consider whether to approve the Settlement, a request for attorneys' fees of up to 33.3% of the Gross Settlement Fund plus expenses incurred and a Service Award of up to $7,500 to the Class Representative. You may appear at the hearing, either personally or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website: **www.XXXX.com.**

1

<u>COURT ORDERED LEGAL NOTICE</u>

## If you received a Text message from Bishop Gold Group, LLC

### you may be entitled to a cash payment.

### Complete and return the enclosed form by

**to receive a cash payment.**

Pitts v. Bishop Gold Group, LLC
Class Action Settlement
PO BOX 0000
City, State, Zip Code

**Class Member John Doe**
**123 ABC Street**
**Miami, FL 12345**
**Claim ID No.:**

2

**Jennifer Pitts v. Bishop Gold Group, LLC**
**TEXT MESSAGE SETTLEMENT**

**CLAIM FORM**

Name & Address: [PREFILL]                    Current Phone Number: [Claimant Fill]

Phone Number which received Text Messages from Bishop Gold: [PREFILL]

**1. ADDRESS (if different from above)**
Primary Address
Primary Address continued
City:                                            State:          Zip Code:

**2. AFFIRMATION (required):** By signing below, I attest that the information above is correct to the best of my knowledge.

_____

postage
prepaid
mark

_____

_____

_____

Pitts v. Bishop Gold Group, LLC
Claims Administrator
P.O. Box ____
XXXX, XX

**EXHIBIT 6**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## CASE NO: 3:24-cv-00128-MCR-HTC

**JENNIFER PITTS,**
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**
      Plaintiff,

v.

**BISHOP GOLD GROUP, LLC,**

    Defendant.

_____/

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

Plaintiff Jennifer Pitts ("Plaintiff") and Defendant Bishop Gold Group, LLC ("Defendant") (Plaintiff and Defendant collectively referred to as, the "Parties") have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through extensive negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). [ECF No. ____] Upon considering the Motion, the Settlement and all

exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant

2

Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.      The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.      Venue is proper in this District.

I.      **Provisional Class Certification and Appointment of Class Representative and Class Counsel**

4.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not

consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.    The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).

Excluded from the Settlement Class are: (1) the trial judge and magistrate judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, members, managers, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) Plaintiff's Counsel, their employees, and their immediate family.

6.    Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)      <u>Numerosity</u>: In the Action, over 20,038 persons received violative text messages from Defendant. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b)      <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)      <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendants practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v.*

*Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)    Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)    Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of

individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged Defendants practices as well as the same legal theories.

7.     The Court appoints Plaintiff, Jennifer Pitts, as Class Representative.

8.     The Court appoints the following people and firms as Class Counsel: Manuel S. Hiraldo of Hiraldo P.A; and Michael Eisenband of Eisenband Law, P.A.

9.     The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## II.    Preliminary Approval of the Settlement

10.    At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.    The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes

of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### III.    Approval of Class Notice and the Claims Process

1.      The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form attached thereto. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

2.      Simpluris shall serve as the Administrator.

3.      The Administrator shall implement the Class Notice program, as set

forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, E-Mail Notice, Publication Notice, and Long-Form Notice, as set forth in the Settlement and below.

*Mail Notice*

19.    The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than 60 days after the entry of this order.

*Email Notice*

23.    The Administrator shall administer Email Notice as set forth in the Settlement. Email Notice shall be completed no later than 60 days after the entry of this order.

*Settlement Website*

24.    The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice

program. The Settlement Website shall include to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

25.     The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

## IV.     Final Approval Hearing, Opt-Outs, and Objections

26.     A Final Approval Hearing shall be held before this Court on _____ ___, 2025 at _____ __.m. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

27.     Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is seventy-five (75) days after Preliminary Approval ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

28.    Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than seventy-five (75) days after Preliminary Approval, as set forth in the Notice. To be valid, an objection must include the following information:

a.  the name of the Action;

b.  the objector's full name, address, and telephone number;

c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g.   a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.   any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.   the objector's signature (an attorney's signature is not sufficient).

**V.    <u>Further Papers in Support of Settlement and Attorney's Fee</u>**

**Application**

29.    Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application, costs and request for a Service Award for Plaintiff, no later than fifty (50) days after Preliminary Approval.

30.    Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than than ninety (90) days after Preliminary Approval.

## VI.    **Effect of Failure to Approve Settlement**

31.    If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

(c)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

32.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

33.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Timeline |
|---|---|---|
| Deadline for Completion of Notice | | 30 days after entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a Service Award | | 50 days after entry of the Preliminary Approval Order |
| Deadline for opting-out of the Settlement and for submission of Objections | | 75 days after entry of the Preliminary Approval Order |
| Deadline for Responses to Objections | | 90 days after entry of the Preliminary Approval Order |
| Final Approval Hearing | | |
| Last day Class Claimants may submit a Claim Form | | 15 days after the Final Approval Hearing |

**DONE and ORDERED** in Chambers in Pensacola, Florida, this _____ day of July, 2025.

_____

UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record