UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JENNIFER PITTS,**
**Individually and on behalf of all**
**others similarly situated,**

    Plaintiff,

v.                                  CASE NO. 3:24cv128-MCR-HTC

**BISHOP GOLD GROUP LLC,**

    Defendant.
_____/

**ORDER**
**PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND**
**CERTIFYING THE SETTLEMENT CLASS**

Plaintiff Jennifer Pitts filed this putative class action against Defendant Bishop Gold Group, LLC, asserting claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, and the Florida Telephone Solicitation Act, Fla. Stat § 501.059. This Court has jurisdiction over the subject matter and the Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332, and venue is proper in this District. The Parties have engaged in class discovery, and the Court has been advised that after extensive negotiations, the Parties have agreed to a settlement as set forth in an executed Settlement Agreement and Release

("Settlement").[1]  Subject to the Settlement's terms and conditions and subject to Final Court approval, Plaintiff and the proposed Settlement Class agree to fully resolve, discharge, and release their claims.  To this end, Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, together with the Settlement and declarations in support, ECF No. 40, requesting preliminary approval and notice to the class.  For reasons that follow, the Court finds that the motion is due to be granted.

## I. Provisional Class Certification and Appointment of Class Representative and Class Counsel

The proposed Settlement Class is as follows:

> All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (4) who did not re-opt in to receive text messages prior to receipt of the text message(s).

Excluded from the Settlement Class are: (1) the trial judge and magistrate judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents, members, managers, servants, or employees of Defendant; (3) any of the Released Parties; (4)

---

[1] As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms have the definitions and meanings accorded to them in the Settlement.

the immediate family of any such person(s); and (5) Plaintiff's Counsel, their employees, and their immediate family.

It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotations omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Borcea*, 238 F.R.D. at 671 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Additionally, before certifying a class, and before undertaking the Rule 23 analysis, a district court must determine that the named representative has Article III standing. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000) ("Any analysis of class certification must begin with the issue of standing." (quoting *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987)). "[T]he receipt of an unwanted text message causes a concrete injury" under the TCPA. *Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023) (*en banc*). Defendant does not dispute standing.

CASE NO. 3:24cv128-MCR-HTC

Plaintiff alleges that she and members of the class received marketing text messages from Defendant after having made a request to not receive additional messages, which caused harm to Plaintiff and the class members. The Court finds that the requisite standing is shown.

Turning to the Federal Rule of Civil Procedure 23 factors, the Court finds that, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action, over 20,038 persons received violative text messages from Defendant. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and the plaintiff's common contention "must be of such a nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (internal quotation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff

and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) <u>Typicality</u>:   The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged practices of the Defendant, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.  *See Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members"); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory").

(d) <u>Adequacy</u>:   "Among the prerequisites to the maintenance of a class action is the requirement of Rule 23(a)(4) that the class representatives will fairly and adequately protect the interests of the class." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal quotations omitted).  Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue.  *See Fabricant v. Sears Roebuck*,

202 F.R.D. 310, 314 (S.D. Fla. 2001); *see also Windsor,* 521 U.S. at 626 n. 20 (noting the competency and conflicts of class counsel also factor into the consideration). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel have shown that they regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action.

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. To establish predominance under Rule 23(b)(3), "[c]ommon issues of fact and law . . . [must] have a *direct impact* on every class member's effort to establish liability *that is more substantial than the impact of individualized issues* in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotations omitted, alteration accepted). Here, common

CASE NO. 3:24cv128-MCR-HTC

questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged Defendants practices as well as the same legal theories.

Therefore, the Court provisionally certifies the proposed Settlement Class as set forth above. The Court appoints Plaintiff, Jennifer Pitts, as Class Representative, and appoints the following people and firms as Class Counsel: Manuel S. Hiraldo of Hiraldo P.A; and Michael Eisenband of Eisenband Law, P.A.

The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## II.    Preliminary Approval of the Settlement

At the preliminary approval stage, the Court's task is to evaluate whether it "will likely be able to" approve the proposed Settlement on grounds that (a) the proposed class has been fairly represented, (b) the proposal was negotiated at arm's length, (c) the relief is adequate, and (d) the proposal treats class members equitably.

CASE NO. 3:24cv128-MCR-HTC

Page 8 of 17

Fed. R. Civ. P. 23(e)(1), (2); *see also* 4 Newberg and Rubenstein on Class Actions §§ 13.14–13.15 (6th ed.) (updated June 2025). Preliminary approval has been deemed "appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09–60646–civ, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010); *see also Skrandel v. Costco Wholesale Corp.,* No. 9:21-cv-80826-BER, 2023 WL 11812645, at *3 (S.D. Fla. Sept. 12, 2023) ("Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness."); 4 Newberg and Rubenstein on Class Actions § 13.15 (6th ed.) (updated June 2025) (noting courts have occasionally denied preliminary approval if the proposal is outside the "range of reasonableness").

    The record reflects that the proposal was reached in the absence of collusion and was the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court therefore finds it likely that the Settlement will be approved as fair, reasonable and adequate and preliminarily approves the Settlement, together with all exhibits. Consequently, it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in

determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### III.   Approval of Class Notice and the Claims Process

The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form.  The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances.  The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement.  The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice.  The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

By agreement of the Parties, Simpluris will serve as the Administrator.  The Administrator must implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order.  Notice must be

Page 10 of 17

provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program must include, to the extent necessary, E-Mail Notice, Publication Notice, and Long-Form Notice, as set forth in the Settlement and below.

*Mail Notice*

The Administrator must administer Mail Notice as set forth in the Settlement. Mail Notice must be completed no later than 45 days after the entry of this order.

*Email Notice*

The Administrator must administer Email Notice as set forth in the Settlement. Email Notice must be completed no later than 45 days after the entry of this Order.

*Settlement Website*

The Administrator must establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website must be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website must include the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel

CASE NO. 3:24cv128-MCR-HTC

and counsel for Defendant agree to include. These documents are to remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

IV. **Final Approval Hearing, Opt-Outs, and Objections**

A Final Approval Hearing will be held on **November 20, 2025 at 9:00 a.m. CT,** to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and to determine whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is seventy-five (75) days after Preliminary Approval ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's

Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than seventy-five (75) days after Preliminary Approval, as set forth in the Notice. To be valid, an objection must include the following information:

    (a) the name of the Action;

    (b) the objector's full name, address, and telephone number;

    (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

    (e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

    (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

    (g) a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

    (h) any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

    (i) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

    (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

    (k) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

    (l) the objector's signature (an attorney's signature is not sufficient).

## V. Further Papers in Support of Settlement and Attorney's Fee Application

Plaintiff and Class Counsel must file their Motion for Final Approval of the Settlement, Fee Application, costs and request for a Service Award for Plaintiff, no later than fifty (50) days after Preliminary Approval.

Plaintiff and Class Counsel must file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than ninety (90) days after Preliminary Approval.

## VI. Effect of Failure to Approve Settlement

If the Settlement is not finally approved by the Court, or for any reason the

Page 14 of 17

Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following conditions apply:

(a) All orders and findings entered in connection with the Settlement will become null and void and have no further force and effect, cannot be used or referred to for any purpose whatsoever, and cannot be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

## VII. Stay/Bar of Other Proceedings

The Court will stay all proceedings in this Action until further Order, except as may be necessary to implement the terms of the Settlement. Also, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims pending

final determination of whether the Settlement should be approved.

Accordingly, on consideration of the Motion, the Settlement, and all attached exhibits, as well as the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the motion for preliminary approval and certification of the class for purposes of settlement, ECF No. 40, is **GRANTED** as follows:

(1) The proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and is certified as a class for settlement purposes only;

(2) Plaintiff Jennifer Pitts is appointed as Class Representative; Manuel S. Hiraldo of Hiraldo P.A and Michael Eisenband of Eisenband Law, P.A. are appointed Class Counsel; and Simpluris will serve as the Administrator;

(3) The Settlement is preliminarily approved as the result of informed, good-faith, negotiations between the Parties and their capable and experienced counsel, not the result of collusion, and within the range of reasonableness; and

(4) The proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for

a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff.

(5) Good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff.

(6) All proceedings in the Action are **STAYED** until further order of the Court, except as may be necessary to implement the terms of the Settlement. Also, pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are **ENJOINED** from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

(7) Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

CASE NO. 3:24cv128-MCR-HTC

| Event | Date | Timeline |
|---|---|---|
| Deadline for Completion of Notice | **September 8, 2025** | 30 days after entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a Service Award | **September 26, 2025** | 50 days after entry of the Preliminary Approval Order |
| Deadline for opting-out of the Settlement and for submission of Objections | **October 21, 2025** | 75 days after entry of the Preliminary Approval Order |
| Deadline for Responses to Objections | **November 5, 2025** | 90 days after entry of the Preliminary Approval Order |
| Final Approval Hearing | **November 20, 2025, at 9 a.m. CT** | Via Zoom video conference[2] |
| Last day Class Claimants may submit a Claim Form | **December 5, 2025** | 15 days after the Final Approval Hearing |

**DONE AND ORDERED** this 7th day of August 2025.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Counsel of record for all parties must attend the conference and must email Barbara Rogers at barbara_rogers@flnd.uscourts.gov by **November 13, 2025**, to obtain login information for the proceeding.

CASE NO. 3:24cv128-MCR-HTC