## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**JENNIFER PITTS,**
Individually and on behalf of all
others similarly situated,

Plaintiff,

v.

**CASE NO: 3:24cv128-MCR-HTC**
**CLASS ACTION**

**BISHOP GOLD GROUP, LLC,**

Defendant.

_____/

## FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On August 7, 2025, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") (ECF No. 40–1) between Plaintiff Jennifer Pitts ("Plaintiff"), on behalf of herself and all members of the Settlement Class,[1] and Defendant Bishop Gold Group, LLC ("BGG") (Plaintiff and Defendant collectively referred to as, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class. On September 25, 2025, Plaintiff filed an Unopposed Motion for Final Approval of Class Action Settlement and Approval of

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

Attorneys' Fees and Costs, ECF No. 42, together with the Declaration of Meagan Brunner, Director of Client Services at Simpluris, Inc., the Settlement Administrator (last updated on November 14, 2025), setting out the notice that was given, and the Declaration of Attorney Manuel S. Hiraldo in support of the request for attorney's fees and costs.  The Settlement Administrator outlined the four rounds of notice provided to the Class Members since the Court's grant of preliminary approval and stated that there have been no objections to the Settlement Agreement and no requests to opt out.

The Court therefore canceled the final hearing and now has fully reviewed the settlement for fairness.  Specifically, the Court has considered: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice to the Defendant and all persons or entities who are Settlement Class Members and have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award the Settlement Class Counsel as Attorneys' Fees and Expenses, and whether and in what amount to award a Service Award to Plaintiff.  Having carefully reviewed the matter, the Court concludes that the Class Settlement is fair and reasonable, that class counsel should be awarded attorneys' fees and costs as requested, and that Plaintiff Pitts is entitled to a Service Award as class representative.

Accordingly, the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and for Approval of Attorneys' Fees and Costs, ECF No. 42, is **GRANTED**, and the Court **Approves** the Settlement Agreement as follows:

## I.    JURISDICTION OF THE COURT

1.    The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.    The Settlement Agreement was negotiated by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class

CASE NO: 3:24cv128-MCR-HTC

Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff has, and will continue to, fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.    CERTIFICATION OF SETTLEMENT CLASS

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: "**All persons in the United States who, during the four years prior to the filing of this action, (1) received one or more text messages from Defendant; (2) after requesting to not receive text messages from Defendant by responding with a "stop" or "unsubscribe" request; and (3) who did not re-opt in to receive text messages prior to receipt of the text message(s)**."

Excluded from the Settlement Class are: (1) the trial judge and magistrate judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and the officers, directors, agents,

members, managers, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); and (5) Plaintiff's Counsel, their employees, and their immediate family.

## III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.    The Court appoints Manuel S. Hiraldo of Hiraldo P.A., and Michael Eisenband of Eisenband Law P.A., as Class Counsel for the Settlement Class.

6.    The Court designates Plaintiff Jennifer Pitts as the Class Representative.

## IV.    NOTICE AND CLAIMS PROCESS

7.    The Court makes the following findings on notice to the Settlement Class:

(a)    The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of

5

Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)    The Court finds that the requirements of the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1715(b), including all notice requirements therein, have been met.

## V.    FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.    The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court approves Class Counsel's request for attorneys' fees, costs, and expenses, and awards Class Counsel $666,000 as reasonable attorneys' fees, incurred in this Action, which consists of 33.3% of the Settlement Fund, and $6,952.90 in costs expended by Class Counsel in prosecuting this matter. The Court finds that the requested fees are reasonable under the percentage of the fund for the

reasons set forth herein. The award of attorneys' fees and costs to Class Counsel will be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.    The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their fee request in time for Settlement Class Members to make a

meaningful decision whether to object to the Class Counsel's fee request, and 0 Settlement Class Member(s) objected.

12.    In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

### a. Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

### b. Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues, and recovery being dependent on a successful outcome, which was uncertain.

### c. Class Counsel Achieved an Excellent Result for the Settlement Class

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendant to pay a non-reversionary fund $2,000,000 for the Settlement Class and will produce a per person cash benefit that

is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, 2013 U.S. Dist. LEXIS 72947, at \*12 (M.D. La. May 13, 2013).

> ### d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases

Many class settlements provide for one-third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc.*, No. 1:13-cv-21016, ECF No. 95, 2015 WL 13650934 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *See, e.g., Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* No. 15-22782-Civ-COOKE-TORRES, 2017 WL 7798110, at \*4 (S.D. Fla. Dec. 18, 2017) (awarding 35% fee and noting that "[c]ourts within this Circuit have routinely awarded attorneys' fees of 33 percent or more of the gross settlement fund"); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at \*4 (S.D. Fla. Sept. 26, 2012); *Morefield v. NoteWorld, LLC*, Nos. 1:10-CV-00117, 1:11-CV-00029, 2012 WL 1355573 at \*6 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-CV-691-T-30TBM, 2011 WL 6846747, at \*6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorney's fees); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95-cv-02152-ASG, ECF No. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel

33.3% of the Settlement Fund as attorneys' fees, specifically $1,201,728.42, because they expended significant time and resources on a purely contingent basis under the common fund theory).

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, both have been class counsel in numerous consumer class action cases.

> e. *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

13.     The Court awards a Service Award in the amount of $7,500 to Plaintiff Jennifer Pitts payable pursuant to the terms of the Settlement Agreement and pursuant to her claims under the Florida Telephone Solicitations Act only.

## VII.  RELEASE OF CLAIMS

14.     On entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement, by operation of this Final Approval Order, will have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

CASE NO: 3:24cv128-MCR-HTC

15.    Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.    The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, are forever binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.    The Releases, which are set forth in the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement

11

Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)    The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement Agreement.

(b)    The administration and consummation of the Settlement as embodied in the Settlement Agreement will remain under the jurisdiction and authority of the Court. The Court retains jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)    The Settlement Agreement is the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties will not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)    The Releases will not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising

out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.    Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

19.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, can be:

(a)    offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in

the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)    offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)    offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.    OTHER PROVISIONS

20.    This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.    Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

CASE NO: 3:24cv128-MCR-HTC

22.    This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members and without fees or costs to any party except as otherwise provided herein.  The Clerk is directed to close the file.

**DONE and ORDERED** this 2nd day of December, 2025.


*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

15